# EXHIBIT A
## Addendum

14292035

Craig P. Helgesen #12547
Jack C. Helgesen #1451
Jason M. Yancey #11808
Helgesen, Waterfall & Jones P.C.
*Attorneys for Plaintiffs*
1436 S. Legend Hills Drive, Suite 110
Clearfield, Utah 84015
Telephone: (801) 544-5306
email: chelgesen@utahattorneys.com

## IN THE SECOND JUDICIAL DISTRICT COURT
## OF WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| SVEN MARTENSON, an individual; and SUSAN MARTENSON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., and US BANK NATIONAL ASSOCIATION <br><br> Defendants. | SUMMONS <br><br> CASE NO.: <br><br> Judge: |

**STATE OF UTAH TO ABOVE-NAMED DEFENDANT:** WELLS FARGO BANK, N.A.
c/o Corporation Service Co.
2180 So. 1300 E., Suite 650
Salt Lake City, UT 84106

**YOU ARE SUMMONED** and required to answer the attached Complaint. Within twenty (20) days after service of this summons you must file your written answer with the clerk of the court at the following address: Second Judicial District Court, Weber County Court, 2525 Grant Street, Ogden, UT 84401; Telephone: (801) 395-1079, and you must mail or deliver a copy of your answer to plaintiff's attorneys at the address listed above.

**IF YOU FAIL TO DO SO**, judgment by default may be taken against you for the relief demanded in the Complaint. The complaint is on file with the clerk of the court. See attached complaint.

DATED this 15th day of August, 2012.

                HELGESEN, WATERFALL & JONES, P.C.

                ERIK HELGESEN Bar No.: 13740
                For Craig P. Helgesen
                JACK C. HELGESEN
                Plaintiff's Attorneys

Craig P. Helgesen #12547
Jack C. Helgesen #1451
Jason M. Yancey #11808
Helgesen, Waterfall & Jones P.C.
*Attorneys for Plaintiffs*
1436 S. Legend Hills Drive, Suite 110
Clearfield, Utah 84015
Telephone: (801) 544-5306
email: chelgesen@utahattorneys.com

**IN THE SECOND JUDICIAL DISTRICT COURT
OF WEBER COUNTY, STATE OF UTAH**

| | |
|---|---|
| SVEN MARTENSON, an individual; and SUSAN MARTENSON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., and US BANK NATIONAL ASSOCIATION <br><br> Defendants. | **SUMMONS** <br><br> CASE NO.: <br><br> Judge: |

**STATE OF UTAH TO ABOVE-NAMED DEFENDANT:** U.S. BANK NATIONAL ASSOC.
                                                                                                                               c/o CT Corporation System
                                                                                                                              1108 E. So. Union Ave.
                                                                                                                              Midvale, UT 84047

**YOU ARE SUMMONED** and required to answer the attached Complaint. Within twenty (20) days after service of this summons you must file your written answer with the clerk of the court at the following address: Second Judicial District Court, Weber County Court, 2525 Grant Street, Ogden, UT 84401; Telephone: (801) 395-1079, and you must mail or deliver a copy of your answer to plaintiff's attorneys at the address listed above.

**IF YOU FAIL TO DO SO**, judgment by default may be taken against you for the relief demanded in the Complaint. The complaint is on file with the clerk of the court. See attached complaint.

DATED this 15 day of August, 2012.

                        HELGESEN, WATERFALL & JONES, P.C.

                        ERIK HELGESEN Bar No.: 13740
                        For Craig P. Helgesen
                        JACK C. HELGESEN
                        Plaintiff's Attorneys

Craig P. Helgesen #12547
Jack C. Helgesen #1451
Jason M. Yancey #11808
Helgesen, Waterfall & Jones P.C.
*Attorneys for Plaintiffs*
1436 S. Legend Hills Drive, Suite 110
Clearfield, Utah 84015
Telephone: (801) 544-5306
email: chelgesen@utahattorneys.com

## IN THE SECOND JUDICIAL DISTRICT COURT
## OF WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| SVEN MARTENSON, an individual; and SUSAN MARTENSON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., and US BANK NATIONAL ASSOCIATION <br><br> Defendants. | **COMPLAINT** <br><br><br> Case No.: <br><br> Judge: |

Plaintiffs SVEN MARTENSON and SUSAN MARTENSON (collectively, "Plaintiffs") by and through their undersigned counsel, complain against Defendants WELLS FARGO BANK, N.A., and US BANK NATIONAL ASSOCIATION, as follows:

### PARTIES

1. Plaintiff, Sven Martenson, is an individual residing in Weber County, State of Utah.

2. Plaintiff, Susan Martenson is an individual residing in Weber County, State of Utah.

3. Defendant, Wells Fargo Bank, N.A., is currently doing business in Utah.

4. Defendant, US Bank National Association is currently doing business in Utah.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter pursuant to Utah Code Annotated §78A-5-102.

6. The Court has jurisdiction over the parties in this matter pursuant to Utah Code Annotated §78B-3-205.

7. Venue is proper in this Court pursuant to Utah Code Ann. § 78B-3-304.

## GENERAL ALLEGATIONS

8. On or about November 05, 2004, Plaintiffs executed a note in favor of Wells Fargo Bank, N.A, in the amount of $897,000 to be repaid monthly until November 01, 2034.

9. Plaintiffs executed a Deed of Trust on or around November 05, 2004, in favor of Wells Fargo Bank, N.A., ("Wells Fargo") as beneficiary filed with the Weber County recorder on or about November 10, 2004 with entry #2067703.

10. The trust deed was recorded against the property located at 4389 East 3450 North, Eden, Utah 84310.

11. A Notice of Default was filed against the property on December 19, 2011 with the Weber County Recorder with Entry #2554762.

12. An auction pursuant to the powers granted in the trust deed to the trustee was held on June 08, 2012 where the property was sold for $818,226.80. The property was deeded to US Bank National Association via Trustee's Deed recorded with Entry #2580590 on June 11, 2012.

13. On or about [DATE] Wells Fargo discussed with Plaintiffs their options to bring the loan current. Among those options, Plaintiffs were given the opportunity to do a loan modification.

14. At that time, Plaintiffs began working with Wells Fargo about a loan modification. These negotiations continued until the auction occurred. Throughout the entire time, Wells Fargo representatives told Plaintiffs not to worry about the documents being sent to him such as the Notice of Default, Notice of Sale, Substitution Trustee etc..., and that a loan modification would be worked out before the auction occurred, or the auction would otherwise be postponed.

15. Wells Fargo set an auction date for April 24, 2012, and a modification was still being discussed until that day, and as promised by Wells Fargo representatives, the auction was postponed. A new date was set for June 08, 2012.

16. Plaintiffs had a statutory right to reinstate the loan for 90 days after the Notice of Default was filed on December 19, 2011. See, U.OA. § 57-1-31.

17. Because of the ongoing discussions between Plaintiffs and Wells Fargo representatives, Plaintiffs did not attempt to reinstate the loan.

18. Wells Fargo representatives told Plaintiffs to discontinue making any payments on the loan and continue to work with Wells Fargo to complete a loan modification.

19. Wells Faro representatives continued to tell Plaintiffs not to worry about the new foreclosure date and that the property would not be auctioned while the parties were working on a loan modification.

20. On or about June 06, 2012, just a few days prior to the auction date Wells Fargo sent notice to Plaintiffs indicating that they were now not eligible for a loan modification because too much was owed on the home.

21. Wells Fargo and its employees were the ones that told Plaintiffs not to make payments or to reinstate the loan causing the Plaintiffs to get further and further behind relying on the statements of Wells Fargo employee's.

22. On June 08, 2012 at a trusee's auction, the property was sold.

23. Because of the repeated misstatements from Wells Fargo, Plaintiffs were deprived of equity in their home See, *Richter v. Bank of America*, 939 F.2d 1176 (5th Cir. 1991) (lender entered into negotiations with the borrower for a workout of a loan and made a series of representations to the borrower during the workout phase including statements that it "wanted to do a deal" with the borrower, that it was "optimistic that [it] could reach an agreement," "we're heading in the right direction" and that "there were no deal-breakers and they were going to bridge the gap pretty soon." The Borrower claimed to have relied upon these statements despite the bank's repeated statements that it could not "make any promises.") *Richter* outlines how a Lender/Negotiator/Servicer can be punished for misleading a borrower like the Plaintiffs and acting in bad faith.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract and Breach of Good Faith and Fair Dealing Against Wells Fargo)

24. Plaintiffs incorporate herein by reference the allegations contained in the foregoing paragraphs as though set forth in full herein.

25. The note and trust deed executed between Plaintiffs and Wells Fargo represent a contractual relationship whereby the parties have a duty to deal honestly with each other and to act in way that would not deprive the other party of the benefit of the bargain.

26. As outlined more fully above, when Wells Fargo employees repeatedly told Plaintiffs that a modification would be completed and that foreclosure would never happen despite the notices sent from the trustee. By making these statements, Wells Fargo acted in a way to deprive Plaintiffs of the benefit of the bargain and robbed them of the opportunity to either reinstate their mortgage or seek other options to prevent the foreclosure sale.

27. In reliance on these representations, Plaintiffs did not exercise their statutory right to reinstate the loan and cure the arrears, nor other options to avoid foreclosure.

28. Due to Plaintiffs' reliance on Wells Fargo's representations, they have been deprived of their ownership interest in the Property and may be removed from their home.

## SECOND CLAIM FOR RELIEF
### (Negligent Supervision)

29. Plaintiffs incorporate herein by reference the allegations contained in the foregoing paragraphs as though set forth in full herein.

30. All Wells Fargo employees and phone representatives are agents of Wells Fargo and Wells Fargo has liability for their actions.

31. Wells Fargo had a duty to protect Plaintiffs under the contract in order not to deprive Plaintiffs of the benefit of the bargain.

32. Wells Fargo breached this duty by instructing its employee to tell Plaintiffs to stop paying the mortgage and stay delinquent. Many Wells Fargo employees that Plaintiffs spoke to told Plaintiffs not to cure the default or make any payments on the existing mortgage. These representations were made until the eve of the first foreclosure auction of April 24, 2012 and continued until just before the the June 08, 2012 auction occurred.

33. This type of behavior on the part of lenders, including Wells Fargo in this situation, has been alleged all across the country. This type of grossly negligent behavior on the part of Wells Fargo and lenders in general deprive borrowers, like Plaintiffs of their statutory rights to cure their defaults and stay in their homes.

34. But for Wells Fargo's misleading behavior, Plaintiffs would have made other arrangements including reinstating their mortgage to cure the default. If Wells Fargo was honest in its dealings about the modification process and foreclosure, Plaintiffs would not have lost ownership of their home through the foreclosure sale.

35. The deprivation of statutory rights to redeem or reinstate a mortgage is one that is easily foreseeable by lenders. Also, Plaintiffs' reliance on the representations of Wells Fargo employee's is justified because Wells Fargo is the one in charge of processing the foreclosure and instructing the trustee to stop or continue the foreclosure sale.

36. When an employee advises a client or borrower, like Plaintiffs, to take an action that specifically deprives them of their statutory rights such action is negligent in the least if not reckless considering the subject matter at issue is likely the borrower's primary residence, as it was here.

37. Because of the misleading statements and negligence on the part of Wells Fargo employees, Plaintiffs have lost their family home and will not be able to purchase another home because of their damaged credit. These events are easily foreseeable by Wells Fargo because of the nature of the business of Wells Fargo as a lender on home mortgages; and if Wells Fargo had been honest about its true goals to foreclose on the property then it should have told that to Plaintiffs so they could make other arrangements.

38. The Plaintiffs' story is not an anomaly; hundreds of thousands of similar stories are being alleged all across the country.

### THIRD CLAIM FOR RELIEF
### (Quiet Title Through Wrongful Foreclosure)

39. All other allegations of this complaint are hereby realleged.

Any defense to a judicial foreclosure may be raised as a defense to a non-judicial foreclosure. Thomas, Utah Real Property Law (2005) § 14.03(b)(3)(iii). A sale pursuant to the power of sale contained within a trust deed may be set aside for fraud or breach of trust by the trustee or beneficiary. *Borth v. Proctor*, 219 S.W. 72 (Mo. 1920); *Reisenberg v. Hankins*, 258 S.W. 904 (Tex. Civ. App. 1924); Thomas, Utah Real Property Law (2005) § 14.03(b)(3)(iii). A sale also may be set aside for not complying with contractual requirements. *Bernhard v. Hovey,*

57 P. 245 (Kan. 1899); 55 AM. JUR. 2D Mortgages § 626 (1996). In, *Five F, LLC. v. Heritage Savings Bank*, 81 P.3d 105; 373 (Utah Ct.App.2003), the court stated: "The relationship [that] arises when a borrower secures his loan by trust deed has been the subject of considerable judicial comment" *Blodgett v. Martsch*, 590 P.2d 298,302 (Utah 1978). In *Blodgett*, our supreme court explained that "[the duty of the trustee under a trust deed is greater than the mere obligation to sell the pledged property in accordance with the default provision of the trust deed instrument it is a duty to treat the trustor fairly and in accordance with a high punctilio of honor." *Id*. The supreme court explained that courts have a duty to closely examine trust deed foreclosures that are questioned because they are far simpler than mortgage foreclosures, which require the assistance of the court See id. A trustee's duty to a trustor is "to act with reasonable diligence and good faith on [the trustor's] behalf consistent with [the trustee's] primary obligation to assure payment of the secured debt" *Id*. at 303. (underline added.)

Here, the beneficiary acted in a way to deprive the trustor of the benefit of the original note and trust deed executed in 2004 by advising Plaintiffs to go into default and then told them to remain in default and to not attempt to reinstate the loan. Wells Fargo also told Plaintiffs within a few days before each auction that the foreclosure would not happen.

These types of representations were made repeatedly throughout the reinstatement period. The trustee's deed issued after the foreclosure sale was procured in violation of the contractual duties of the parties and good faith depriving the beneficiary, Plaintiffs, of their rights and privileges under Utah law and the note and trust deed.

40. Because the purchaser at the foreclosure was merely a subsequent investor, and its title was procured through negligence, the trustee's deed (which has merely the effect of a quit claim deed) should be held void.

### FOURTH CLAIM FOR RELIEF
(Quiet Title Through Undue Influence)

41. All other allegations of this complaint are hereby realleged.

42. By systematically misrepresenting their true intentions on multiple occasions, Wells Fargo deprived Plaintiffs' of their free will to reinstate their loan or make other arrangements.

43. Wells Fargo actively engaged in foreclosing on the property while misrepresenting to Plaintiffs the consequences of going into default and not reinstating the mortgage. E.g., *Bedree v. Bedree*, 528 N.E. 2d. 1128 (Ind. App 1988) (grantee made independent arrangements for the transfer of title without the grantor's knowledge).

44. Plaintiffs were susceptible to the undue influence here because of the superior knowledge of Wells Fargo and its employees. The parties conversed numerous times about the mortgage problem and each time, Plaintiffs were told that the modification would happen and to disregard the notices from the trustee and notice of sale.

### FIFTH CLAIM FOR RELIEF
(Fraud)

45. All other allegations of this complaint are hereby realleged.

46. As outlined more fully above, Wells Fargo made multiple misrepresentations regarding their intentions to foreclose. Specifically, Wells Fargo Employees verbally as well is in

Martenson - COMPLAINT
Pg 9

writings and other correspondence to Plaintiffs show these misrepresentations whereby Wells Fargo deprived Plaintiffs of his statutory right to reinstate his loan.

47. These misstatements were made in regards to the most material issue at hand; namely, the foreclosure and modification process.

48. These misrepresentations were made such that Plaintiffs would rely on them so that they would not reinstate their loan or take other action. In fact, Plaintiffs did rely on these many representations and did not exercise his right to reinstate.

49. It was reasonable under the circumstances for Plaintiffs to believe the statements made by Wells Fargo.

50. Reliance on Wells Fargo's representations caused damages to Plaintiffs because title to the Property was transferred to Defendant US Bank National Association.

<u>SIXTH CLAIM FOR RELEIF</u>
(Negligence)

51. All other allegations of this complaint are hereby realleged.

52. Wells Fargo has a contractual duty to deal honestly with the Plaintiffs.

53. Wells Fargo's employees repeatedly misrepresented the true intentions of Wells Fargo; this represents a breach of Wells Fargo's duty under the note and trust deed to deal honestly with the Plaintiffs.

54. Plaintiffs were damaged by Wells Fargo because title to their house has been transferred.


55. But for Wells Fargo's multiple misrepresentations, Plaintiff's could have taken other action including reinstating the mortgage or considering other options. The foreclosure if that occurred would have been stopped immediately. It was foreseeable that Plaintiffs would rely on Wells Fargo's statements, as shown more fully above, and for Plaintiffs to not reinstate their loan or take other action to cure the arrears because of the representations of Wells Fargo stating that they should not pay on the mortgage and not cure the default.

56. The negligence on the part of Wells Fargo also goes to the deprivation of Plaintiffs' statutory rights under Utah law to reinstate his mortgage. U.C.A. § 57-1-31.

57. Because of Wells Fargo's statements, Plaintiffs did not exercise those rights representing a breach of the Utah foreclosure statutes. See, U.C.A. § 57-1-1 et seq.

### SEVENTH CLAIM FOR RELEIF
(Estoppel)

58. All other allegations of this complaint are hereby realleged.

59. Plaintiffs pray for the court to void the trustee's deed issued in favor of US Bank National Association, because of Wells Fargo's repeated misstatements of fact and intention depriving Plaintiffs the statutory right to reinstate their loan.

### PRAYER FOR RELEIF

WHEREFORE, Plaintiffs pray for judgment against Defendant(s) as follows:

1. Actual damages.
2. Consequential, special, incidental damages.
3. Court costs and attorney's fees.

4. Punitive damages

5. Costs of collection

6. Joint and several liability

7. Other relief that the Court deems just and proper.

8. Pre and Post judgment interest at the legal rate.

9. Quiet title in favor of plaintiffs and void the trustee's deed

Dated this 14 day of August, 2012.

_____
Craig P. Helgesen
HELGESEN WATERFALL & JONES, PC
Attorneys for Plaintiffs