IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SVEN MARTENSON, and SUSAN MARTENSON,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and US BANK NATIONAL ASSOCIATION,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ON MOTION TO CONSOLIDATE**<br><br>Case No.  1:12-CV-00182<br><br>Judge Clark Waddoups |

Before the court is Plaintiffs' Motion to Consolidate and Realign the Parties (Dkt. No. 13), filed October 12, 2012. The cases at issue consist of claims by the Martensons for "Wrongful Foreclosure" currently pending before this court and a claim by US Bank for "Unlawful Detainer" pending before Judge David Nuffer. Plaintiffs assert seven causes of action in the Wrongful Foreclosure case including the following: (1) breach of contract and breach of good faith and fair dealing, (2) negligent supervision, (3) quiet title through wrongful disclosure, (4) quiet title through undue influence, (5) fraud, (6) negligence and (7) estoppel. The Martensons named US Bank as a defendant in the Wrongful Foreclosure action alleging it bought the property at issue in this case at an auction from Wells Fargo and now claims title and the right to possession. US Bank filed the Unlawful Detainer action in state court, alleging the Martensons refused to vacate the property after receiving Notices to Quit. The Martensons removed the case to federal court.

Pursuant to Rule 42 of the Federal Rules of Civil Procedure a court may consolidate cases before the court that involve "common questions of law or fact." Fed. R. Civ. P. 42. Also, in determining whether to consolidate, "the court must weigh the costs versus the benefits of consolidation." *Leeds v. Matrixx Initiatives, Inc.*, 2:10-cv-199DAK, 2012 U.S. Dist. LEXIS 47279, at *4 (D. Utah April 2, 2012) (citation omitted). Consolidation is appropriate under the local District rules where "cases arise from substantially the same transaction or event . . . ." D.U. Civ. R. 42-1.

Plaintiffs argue that the Wrongful Foreclosure and Unlawful Detainer cases should be consolidated because they involve common questions of fact and law. Plaintiffs note that both claims arise from the same foreclosure leading to the issue in both cases of the contested right of possession of the house. Defendants oppose consolidation, arguing that Unlawful Foreclosure involves pre-foreclosure issues of fact and law, whereas the Unlawful Detainer involves post-foreclosure issues of fact and law.

Defendants cite *Aparicio v. Wells Fargo Bank, N.A.*, to support their assertion. 2:11-cv-00495, 2011 U.S. Dist. LEXIS 128235 (D. Utah Oct. 17, 2011). In *Aparicio* the court denied consolidation of a claim for wrongful foreclosure pending in federal court and a claim for unlawful detainer pending in state court, finding actions pending in separate jurisdictions could not be properly consolidated. The court observed that "questions of fact and law related to an unlawful detainer action are significantly different to those presented in this action involving quiet title, slander of title, negligence, foreclosure fraud, breach of implied covenant of good faith and fair dealing and unjust enrichment." *Id.* at 25.

*Aparicio*, however, is distinguishable from the present case. First, both cases are pending in federal court. Second, the right of possession is an issue that substantially affects the decision

in both cases. The first element of an unlawful detainer case after foreclosure is that the person "(1) defaulted on his or her obligations resulting in disposition of the property by a trustee's sale . . . ." Utah Code Ann. § 78B-6-802.5 (2013). The Wrongful Foreclosure case involves a claim that Plaintiffs defaulted on their obligation only because of fraudulent misrepresentations from Wells Fargo preventing the Martensons from being able to use their statutory right to reinstate the loan 90 days after the notice of default. Also the Wrongful Foreclosure case involves a claim for estoppel to void the trustee's deed. If the trustee's deed was void and the property was not properly sold, then the Unlawful Detainer may be improper. Thus, a substantial question of law related to the Wrongful Foreclosure is a question of law that also affects the Unlawful Detainer.

Defendants contend that the proper remedy for the Martensons to prevent or delay eviction would have been to challenge the foreclosure sale prior to the foreclosure. In cases that involve fraud, however, there is an exception to the usual requirement of challenging a foreclosure prior to sale. *See Reynolds v. Woodall*, 2012 UT App. 206, ¶ 14, 285 P.3d 7 (explaining that a trustee's sale will not be set aside unless it involves fraud or unfair dealing). Since Plaintiffs' complaint includes accusations of fraud and unfair dealing in that they allege that they were told to ignore the notice of default and that a loan modification would be worked out, the trustee's sale may still be set aside even though they did not seek an injunction prior to sale.

The Defendants argue that even assuming *arguendo* that the cases involve common issues of fact or law, the costs of consolidation outweigh the benefits because an unlawful detainer action is an expedited proceeding under Utah statutory law. Utah Code Ann. § 78B-6-810 (1)(b)(2013). Under the facts of this case the court is not persuaded. The court concludes that consolidation would promote judicial economy. Under Utah law permissive or compulsory

counterclaims may be brought in an unlawful detainer case. *Bichler v. DEI Sys., Inc.*, 2009 UT 63, ¶ 25, 220 P.3d 1203. Significantly, counterclaims related to possession must be resolved prior to entry of final judgment. *Id.* at ¶ 32. Thus, if the Unlawful Detainer case were not consolidated and were to be remanded to state court, the facts and issues related to the Wrongful Foreclosure case could be asserted as counterclaims that would need to be decided before entry of final judgment on the Unlawful Detainer action.

The Martensons are asking the court to realign the parties in order to satisfy diversity jurisdiction. "[I]t is settled that where . . . there is no diversity of citizenship based on the initial alignment of the parties in an action commenced in state court, a defendant may nonetheless remove the case to federal court and request realignment of the parties to produce the requisite diversity." *Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1223 (E.D. Va. 2011). "When appropriate, parties will be realigned; however, this is to be done only after real rather than apparent interests have been ascertained." *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir. 1978). The fundamental adverse position of the Martensons to US Bank and Wells Fargo is the interest in the property. If US Bank and the Martensons are realigned in the Unlawful Detainer case then each party would be in a position adverse to their real interests. Thus, the interests of the parties would properly be arranged if the parties were realigned.

It is therefore ORDERED that Plaintiffs' Motion to Consolidate and Realign the Parties (Dkt. No. 13) is hereby GRANTED. The present case will be consolidated with Case No. 1:12-cv-00212, *US Bank v. Martenson*, currently assigned to District Judge David Nuffer.[1]

---

[1] Pending before Judge Nuffer is a motion to remand the Unlawful Detainer action. The court in making this order to consolidate is not, however, reaching the merits on the issue of whether the Unlawful Detainer action must be remanded to State court for lack of subject matter jurisdiction.

SO ORDERED this 7th day of August, 2013.

                                            BY THE COURT:

                                            _____
                                            Clark Waddoups
                                            United States District Judge